[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10286
_____

D.C. Docket No. 8:19-mc-00008-VMC-TGW

UNITED STATES OF AMERICA,

Petitioner - Appellee,

versus

CROSS SENIOR CARE INC., LLC,

Respondent - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 23, 2020)

Before ROSENBAUM, LAGOA, and ED CARNES, Circuit Judges.

PER CURIAM:

This appeal involves an attempt by Appellee United States of America to obtain information from Appellant Cross Senior Care, Inc. ("Cross"), and its related

entities, who were the subject of a *qui tam* action.[1]  Cross is a chain of skilled nursing facilities.  One of its former employees initiated a *qui tam* action alleging that Cross had violated the Federal False Claims Act and the Florida False Claims Act by providing unnecessary medical and rehabilitative services to patients and then seeking reimbursement from the government for those services.  After the former employee filed the action, the government, which was considering intervening in the suit, sought to obtain records from Cross by issuing a Civil Investigative Demand ("CID"), pursuant to 31 U.S.C. § 3733(a)(1).

One of the document requests in the CID—Request 21—is central to this appeal.  Although Cross identified thousands of emails as responsive to the request, it produced only a fraction, claiming some were privileged and others were not relevant.  The parties were unable to reach an agreement as to the production of those non-privileged communications, and the government filed a petition to enforce the CID in federal court, pursuant to 31 U.S.C. § 3733(j)(1).  After adopting the magistrate judge's report and recommendation ("R&R") and overruling Cross's objections to the R&R, the district court granted the government's petition to

---

[1] As the Supreme Court has explained, "[q]*ui tam* is short for the Latin phrase *qui tam pro domino rege quam pro se ipso in hac parte sequitur,* which means "who pursues this action on our Lord the King's behalf as well as his own." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 768 n.1 (2000).  The False Claims Act, 31 U.S.C. §§ 3729-33 ("FCA"), "is the most frequently used" of the statutes authorizing *qui tam* actions. *Id.*  The FCA authorizes a private person (the relator) to file a *qui tam* civil action "for the person and for the United States Government" against the alleged false claimant, "in the name of the Government." *Id.* at 769 (quoting 31 U.S.C. § 3730(b)(1)) (quotation marks omitted).

enforce. Cross now raises the same arguments on appeal as it did below, suggesting that the district court abused its discretion when it granted the petition to enforce the CID.

We have carefully reviewed the record and considered the arguments made by the parties during the recent oral argument of this matter. We conclude that the district court did not abuse its discretion when it granted the petition to enforce the CID and directed Cross to produce all non-privileged documents responsive to Request 21. We agree with the well-reasoned determinations set forth in the merits section of the magistrate judge's R&R, which the district court adopted in full.[2] In addition, we conclude the district court correctly overruled the portion of Cross's objection to the R&R in which it asserted that its voluntary dismissal from the *qui tam* action mooted the enforcement of the government's CID. Cross's dismissal from the *qui tam* action was *without* prejudice. In any event, the dismissal of Cross from the *qui tam* action has no bearing on the government's ability to bring its own False Claims Act suit against Cross.

---

[2] We decline to adopt the portion of the R&R in which the magistrate judge determined that Cross waived its objections to the CID because of its failure to raise defenses and objections to the CID within the twenty-day timeframe set forth in 31 U.S.C. § 3733(j)(2). On appeal, the government retreated from its waiver position, thereby abandoning that argument. And although the magistrate judge concluded that Cross had "waived its right to object to request no. 21," as we have noted, it also made an alternative ruling on the merits ("In all events, I have considered the respondent's objections, and they are unmeritorious."). We agree with that alternative merits ruling.

We therefore lift the stay entered earlier in this appeal[3] and remand the case so the district court may set forth a timeframe for Cross to produce the remaining non-privileged documents responsive to Request 21.

**AFFIRMED.**

---

[3] After filing its Initial Brief on appeal, Cross filed a Motion to Stay, seeking for this Court to stall the production of the responsive documents while this appeal was pending. We granted the Motion to Stay to preserve the status quo during the appeal.